IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOSE M. ROCHE,

                    Plaintiff,                    OPINION AND ORDER

    v.

                                                     24-cv-434-wmc

MS. BUNTNESS., OFFICER EHRENDREICH,
And JOHN DOE CORRECTIONAL OFFICER

                    Defendant.

Jose Roche, representing himself while incarcerated at St. Croix Correctional Center, alleges that Oakhill Correctional Institute ("Oakhill") staff subjected him to dangerous prison conditions in violation of the Eighth Amendment by failing to maintain gym equipment properly. Because Roche is incarcerated and has not prepaid the filing fee, the court must screen his complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, dismissing any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. The court accepts Roche's allegations as true and construes them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 537 F.3d 742, 751 (7th Cir. 2011). For the reasons explained below, therefore, the court will dismiss the complaint for failure to state a claim upon which relief may be granted, but will also allow Roche to amend his complaint to fix its defects, assuming he can do so in good faith.

ALLEGATIONS OF FACT

In February of 2024, Roche alleges that he was working out in the Oakhill weightroom, using a "cable arm machine" to do arm curls. However, as he started to do

so, a clip on the machine broke, causing its handle to hit him in the eye and leaving him with a cut and swelling around his eye. After informing the recreation officer what had just happened, the officer examined the machine and asked if he was ok. Roche responded that his eye hurt and he could feel swelling, but he was otherwise ok. The recreation officer allegedly told Roche that he would make an injury report and also informed the captain about the accident.

Roche further alleges that after returning to his unit and laying down, his head started pounding. A corrections officer then sent him to the health services unit where staff told him that: he had a "shiner"; the cut did not need stitches; and they would order an x-ray just to be safe. However, Roche claims that he never received an x-ray, and since the accident, he has had headaches and shoulder discomfort. Roche finally alleges that Oakhill's Recreation Director, Ms. Buntness, and Recreation Officer, Mr. Ehrendreich,[1] were responsible for maintaining safe gym equipment and inspecting machines, and that his accident could have been avoided if they had properly maintained and inspected the gym equipment.

ANALYSIS

A prisoner states a claim under the Eighth Amendment if he alleges facts suggesting that prison officials knowingly disregarded a substantial risk of serious harm to the prisoner. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A dangerous prison condition constitutes a substantial risk of harm if it deprives an inmate of the minimal civilized

---

[1] It is unclear whether Officer Ehrendreich was the officer on duty when the accident occurred, but this seems likely.

measures of life's necessities or offends contemporary standards of decency. *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004). Thus, while prisons are not required to provide a "maximally safe environment, . . . they must address easily preventable, observed hazards that pose a significant risk of severe harm to inmates." *Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016) (quotation marks and citation omitted).

Unfortunately for plaintiff here, federal courts have generally concluded that prison officials cannot be found deliberately indifferent under the Eighth Amendment when they fail to make repairs to prison equipment, unless the risk of serious injury was readily apparent. *See Johnson v. Stanonik*, No. 21-CV-176, 2023 WL 2188650, at *3 (E.D. Wis. Feb. 22, 2023) (collecting cases to this effect), *aff'd*, No. 23-1562, 2023 WL 8641065 (7th Cir. Dec. 14, 2023); *Newsome v. Carter*, Case No. 1:22-cv-618, 2022 WL 3212303 (S.D. Ind. Aug. 9, 2022) (allegation that prison officials were "indifferent" to repairing and maintaining exercise equipment did not create a reasonable inference that the staffers knew the exercise equipment posed a substantial risk of serious harm to plaintiff). Similarly, plaintiff's allegation here that Recreation Director Buntness or Officer Ehrendreich failed to inspect and maintain Oakhill's workout equipment properly does not alone support a reasonable inference that they knew the equipment posed a substantial risk of serious harm to plaintiff and disregarded it. *At most*, plaintiff's allegations suggest that Buntness and Ehrendreich were negligent, perhaps even arguably grossly negligent, but neither is enough to state a deliberate indifference claim in federal court.[2] *Farmer v. Brennan*, 511 U.S. 825,

---

[2] If that is all plaintiff can reasonably allege, he may still be able to assert a claim in *state* court for negligence.

836 (1994) (deliberate indifference constitutes *more than* negligent acts, or even grossly negligent acts, although it requires something less than *purposeful* acts).[3]

Nevertheless, the court will allow plaintiff an opportunity to amend his complaint to provide more details about Buntness' and Ehrendreich's knowledge of any serious risk to plaintiff as well as any medical staffer's failure to provide treatment for his injury, provided that he can do so based on his own knowledge, evidence he may have, or reasonable inferences from either.

ORDER

IT IS ORDERED that:

1) Plaintiff Jose Roche's complaint (dkt. #1) is DISMISSED without prejudice. He may have until July 9, 2025, to file an amended complaint that corrects defects described in this order. If plaintiff fails to respond by that deadline, the court will dismiss this case with prejudice.

2) **Plaintiff must file his amended complaint on the court's complaint form, which will be sent to him along with a copy of this order.** Plaintiff must fill out the form completely.

3) It is plaintiff's obligation to inform the court of any new address. If he fails to do so, his claims may be dismissed with prejudice for failure to prosecute. The clerk of court is directed to send plaintiff copies of this order and the court's prisoner complaint form.

Entered this 13th day of June, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[3] Plaintiff also lists a "John Doe Correctional Officer" in the caption of the case, but that officer's role is insufficiently alleged to infer *deliberate* indifference as well.