IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSE M. ROCHE,

                         Plaintiff,                       OPINION AND ORDER

     v.

                                                   24-cv-434-wmc

JULIE BURTNESS,[1]

                         Defendant.

---

Representing himself, plaintiff Jose M. Roche alleges that defendant Julie Burtness violated his Eighth Amendment rights by failing to protect him from injury at Oakhill Correctional Institute ("Oakhill"), as well as acted negligently under Wisconsin law. Specifically, Roche claims that Burtness knew about faulty clips on a weight machine that caused his injury but failed to remedy the issue. Because Roche is currently incarcerated, the Prison Litigation Reform Act requires him to exhaust all administrative remedies before his suit can proceed in federal court. *See* 42 U.S.C. § 1997e(a). Burtness moves for summary judgment (dkt. #23), arguing that Roche failed to exhaust his claims through Oakhill's internal grievance system before filing this lawsuit. As Roche's internal complaint failed to give his institution adequate notice of the specific claims asserted here, the court must grant defendant's motion and dismiss this case without prejudice.

---

[1] Although originally screened to proceed with a defendant named Buntness, the parties now appear to agree the correct spelling is Burtness. Accordingly, the caption has been similarly corrected.

UNDISPUTED FACTS[2]

On February 6, 2024, plaintiff Jose M. Roche was using a "cable arm machine" in Oakhill's weight room when a clip snapped off the machine, causing the handle to hit him under his right eye. (Dkt. #25-2, at 9.) Roche sustained a cut and a black eye. *Id*. Then, on February 8, Roche filed a complaint about the incident in accord with the prison's internal grievance system. *Id*. at 9–11. In the grievance, Roche first described his injury and how it occurred. *Id*. at 9. Then, Roche explained that he informed Recreation Officer Ehrendreich what happened after the incident, after which Ehrendreich let Roche know that he was going to make an injury report. *Id*. Ehrendreich then took the broken clip to his office. *Id*. at 9, 11.

Roche's internal complaint further details that after he returned to his unit, his head began pounding. *Id*. at 11. Roche next went to the health services unit, where they looked at his injuries and informed him that he should be okay in a few days. *Id*. However, Roche's internal complaint stated that two days after the incident, his eye was worse, not better, and he continued to have a painful headache since the incident. *Id*. Roche ended his complaint with: "I feel like we should have safe workout equipment and that was not the case and as a result I got hurt." *Id*. The complaint contained no reference to defendant Burtness or allege that she or any other employees at Oakhill knew about faulty clips before the incident occurred. *See id*. at 9–11.

---

[2] Unless otherwise indicated, the following facts are material and undisputed. The court has drawn these facts from those alleged in the amended complaint (dkt. #13), plaintiff's responses to defendant's motion for summary judgment (dkt. #26), and the underlying record evidence as appropriate, drawing all reasonable inferences in plaintiff's favor as the non-moving party. *Whitaker v. Dempsey*, 144 F.4th 908, 917 (7th Cir. 2025).

An institution complaint examiner ("ICE") reviewed Roche's internal complaint on February 15, 2024. (Dkt. #25-2, at 2.) The ICE also spoke with Ehrendreich, who confirmed that Roche was injured because a clip broke while he was using a cable-pulley weight machine for its intended purpose. *Id*. Accordingly, the ICE concluded that Roche's complaint should be affirmed and directed that a summary of the ICE report "be sent to the Recreation Supervisor for any additional follow up regarding the weight machines or equipment." *Id*.

Roche first filed his complaint in this federal case on June 27, 2024. (Dkt. #1.) The court screened the complaint under the PLRA, dismissed it for failure to state a claim, and allowed Roche to file an amended complaint. (Dkt. #10.) Roche filed an amended complaint, which the court again screened. (Dkt. ##13, 15.) In particular, the court granted Roche leave to proceed under a failure to protect claim, which alleged that defendant Julie Burtness, an employee at Oakhill, knew that the clips were faulty before the incident but did nothing to remedy the risk of a failure. (Dkt. #15).

OPINION

The Prison Litigation Reform Act ("PLRA") prohibits prisoners from bringing a suit under federal law based on prison conditions unless they have first exhausted the prison's administrative remedies. 42 U.S.C. § 1997e(a). "[F]or state prisoners, state law establishes the relevant administrative remedies." *Jackson v. Esser*, 105 F.4th 948, 956 (7th Cir. 2024) (citing *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020)). In Wisconsin, the internal complaint review system ("ICRS") sets out state prisons' administrative remedies. *See* Wis.

3

Admin. Code § DOC 310.  The ICRS first requires an inmate to file an internal complaint that "clearly identif[ies]" the issue and "contain[s] sufficient information for the department to investigate and decide the complaint."  Wis. Admin. Code § DOC 310.07(5), (6).  Internal complaints ensure that a prison can protect its administrative authority by providing "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court."  *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992); *accord Woodford v. Ngo*, 548 U.S. 81, 89 (2006).

"An inmate's complaint will suffice for exhaustion purposes if it provides notice to the prison of the 'nature of the wrong for which redress is sought.'"  *Schillinger*, 954 F.3d at 995 (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)).  The notice requirement promotes efficiency by allowing prison officials to correct the issues raised in the complaint internally before the prisoner files suit in federal court.  *Schillinger*, 954 F.3d at 995.  "[O]nce a prison has received notice of[] and an opportunity to correct[] a problem, the prisoner has satisfied the purpose of the exhaustion requirement."  *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013).  A prisoner's internal grievance does not need to name every defendant to satisfy the PLRA's notice requirement.  *See Douglas v. Fuchs*, No. 24-cv-6-jdp, 2025 WL 1193160, at *2 (W.D. Wis. Apr. 24, 2025) (citing *Jones v. Bock*, 549 U.S. 217 (2007)).

For a failure to protect claim, a prisoner must demonstrate that there was a condition that objectively posed "substantial a risk of serious harm" to the prisoner *and* that prison officials were deliberately indifferent to the to the prisoner's safety.  *Farmer v. Brennan*, 511 U.S. 825 (1994).  To prove deliberate indifference, "the prison official must

have actual, not merely constructive, knowledge of the risk to be liable." *LaBrec v. Walker*, 948 F.3d 836, 841 (7th Cir. 2020) (citing *Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018)).  "Mere negligence . . . is not enough to state a claim of deliberate indifference under the Eighth Amendment." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996) (citing *Daniels v. Williams*, 474 U.S. 327, 332 (1986)).  For the purposes of exhaustion here, therefore, plaintiff must have provided notice to the prison of the condition that posed "substantial risk of serious harm" -- the faulty clips on the cable lifting machine -- and that Oakhill officials, or defendant Burtness specifically, had ongoing knowledge of that risk.

Plaintiff did not provide sufficient notice of his failure to protect claim in his internal complaint; thus, he has not exhausted his administrative remedies.  Plaintiff acknowledges that he filed only one complaint related to the injury he received from the cable-pulley weight machine.  (Dkt. #26, at 2.)  In particular, the internal complaint did not contain information that put the prison on notice of the failure-to-protect claim on which he was given leave to proceed:  the prison was aware of a risk of serious harm from faulty equipment before the incident, but chose to ignore the risk it posed to inmates.  *See Schillinger*, 954 F.3d at 996 (holding that an inmate's grievance did not put the prison on notice when it did not identify the officers who failed to protect him, name the attacker, or inform them of a previous threat to him).

Moreover, plaintiff's complaint did not refer to defendant Burtness or any action, or lack of action, taken by her or any other Oakhill employee.  Indeed, while the internal complaint documented that faulty equipment had injured the plaintiff and described his ongoing injuries, that alone does *not* provide notice that prison officials were being accused

of acting with deliberate indifference to inmate safety or even acting negligently. *Cf. McDonald v. Murphy*, No. 19-cv-230-wmc, 2021 WL 2894088, at *5 (W.D. Wis. July 9, 2021) (a complaint only raising concerns about how staff documented an assault did not afford prison officials notice and opportunity to investigate a failure-to-protect claim for that assault). As a result, the internal complaint examiner's investigation was limited to affirming that a metal clip on a weight machine broke while it was being properly operated and notifying the recreation supervisor of the incident, so that he could make any necessary repairs. Though plaintiff's injuries are unfortunate, the PLRA's administrative remedy system appears to have worked as intended. However, because the internal complaint did not notify the prison that any Oakhill employee, much less the named defendant, knew of the clip issue before the injury and failed to correct them, plaintiff failed to exhaust his administrative remedies as to that federal claim.

Nevertheless, plaintiff argues that he must have exhausted his administrative remedies, since the ICE examiner *affirmed* his complaint and there was nothing to appeal. This is a confusion between technical procedural exhaustion and a failure to provide *notice* of a claim. Thus, the question is not whether his complaint was sufficiently appealed, but whether plaintiff began to exhaust his administrative remedies by giving notice of the actual claim itself. Since plaintiff did not for the reasons explained above, the court must dismiss his failure-to-protect claim.

Finally, the court declines to exercise its supplemental jurisdiction over plaintiff's remaining state law claim for negligence, including whether that claim could be said to have been exhausted based on notice of the clips themselves. *See Wright v. Associated Ins.*

*Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) ("[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims") (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).  Accordingly, this entire case must be dismissed without prejudice.

ORDER

IT IS ORDERED that:

1.  Defendant's motion for summary judgment on exhaustion grounds (dkt. #23) is GRANTED and this case is DISMISSED without prejudice.

2.  The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 6th day of August, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge